**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID AVERY,**

        **Plaintiff,**

                                    **Case No. 2:20-cv-357**

      **vs.**                                **Judge Michael H. Watson**

                                    **Chief Magistrate Judge Elizabeth P. Deavers**

**JOHN D. WOOTEN, JR,** *et al.*,

        **Defendants.**

**<u>INITIAL SCREEN REPORT AND RECOMMENDATION</u>**

Plaintiff, a state inmate currently incarcerated at the Trousdale Turner Correctional

Center in Hartsville, Tennessee, filed this action on December 30, 2019, in the Ohio Supreme

Court. (ECF No. 1.) On January 23, 2020, several federal officers,[1] identified in Plaintiff's

filing as respondents, removed the action to this Court under 28 U.S.C. §§ 1442(a)[2] and 1446.

(*Id.*)

---

      [1]The federal officers filing the removal petition include U.S. Senator Marsha Blackburn, U.S. Secretary of the Treasury Steven Mnuchin, Senior District Judge John Daniel Breen of the U.S. District Court for the Western District of Tennessee, Clerk Keith Throckmorton of the U.S. District Court for the Middle District of Tennessee, Carmen Romero of the U.S. Department of Justice, former U.S. Senator and Secretary of State John Kerry, and former U.S. Marshal Louise W. Kelton.

      [2] The federal officer removal statute permits a defendant to remove to federal court a state-court action brought against the

      United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. 28 U.S.C. § 1442(a)(1).

This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint, captioned as an "Original Writ of Error," as required by 28 U.S.C. § 1915A[3] to identify cognizable claims and to recommend dismissal of Plaintiff's filing, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915A, as part of the Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321, enacted in April 1996, in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).  Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

*Bennett v. MIS Corp.*, 607 F.3d 1076, 1084 (6th Cir. 2010); *see also Ohio ex rel. Bristow v. Dir.*, No. 2:13-CV-614, 2013 WL 5408440, at *1 (S.D. Ohio Sept. 25, 2013) (Section 1442(a) permits the removal of a civil action filed in state court against any officer or agency of the United States to a United States district court).

[3] Plaintiff is not seeking leave to proceed *in forma pauperis* in this Court.

28 U.S.C. § 1915A(b). Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted). Further,

3

the Court holds *pro se* complaints " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The requirements of § 1915A are applicable in the removal context. *See Duff v. Yount,* 51 F. App'x 520, 521 (6th Cir.2002) (per curiam) (screening removed prisoner action under §§ 1915(e) and 1915A); *see also Davis v. Goss*, No. CIV.A.6:09-257-DCR, 2010 WL 1872871, at *2  (E.D. Ky. May 10, 2010) ("Screening of *pro se* prisoner cases is appropriate under the statutory framework, whether a case is initiated in state or federal court.").

## II.

In 2009, Plaintiff was convicted by a jury in Davidson County, Tennessee, of aggravated robbery, especially aggravated robbery, reckless endangerment, and attempted second degree murder because he robbed a couple in their home and slit their throats with a box cutter.  He currently is serving "a total effective sentence of 49 years."  *State v. Avery*, No. M200801809CCAR3CD, 2009 WL 4724430 (Tenn. Crim. App. Dec. 10, 2009).  His conviction was affirmed on appeal.  *Id.*

In 2018, Plaintiff filed a civil action in the Trousdale County Circuit Court captioned as *D.A. Avery v. D. Ryals*, Case No. 2018-cv-4690. (ECF No. 1-1 at 13, PAGEID #16.)  As Plaintiff describes it in a hand-written notation, this civil action was filed "as a direct result of the erroneous judgment entered in Case No. 20060C-2451 by Cheryl A. Blackburn."  *Id.*

Judge Wooten, the presiding judge, dismissed Case No. 2018-cv-4690 by order dated April 29, 2019.  (ECF No. 1-1 at 13, PAGEID #16.) Petitioner explains that this dismissal was the impetus for filing the Writ. (*Id.* at 10, PAGEID #13.)  Plaintiff seeks the deployment of "the county Sheriffs or the U.S. Marshals" to "immediately" relieve him from "false imprisonment."

4

(*Id.*)  He also seeks "equitable and just compensation" in the "negotiable sum of $333,333,000.00."  (*Id.*)

Plaintiff names nearly 100 individuals as Respondents, the majority of whom appear to be Tennessee county, state or federal officials or employees. (ECF No. 1-1 at 6-8, PAGEID #9-11.)  Plaintiff designates himself as the "Claimant at Law" filing in "The Superior Court of Common Law, Republic of Ohio.  (*Id*. at 10, PAGEID #13.)

Plaintiff attaches an "Affidavit of Error-in-Fact" to his "Original Writ." (ECF No. 1-1 at 11, PAGEID #14.)  Plaintiff asserts that he is not waiving his Native American birthrights, that he was not a party to his criminal action which he describes as a "commercial dispute," and that the "Federal Tort Claims Act removes immunity from actions arising in tort."  (*Id.*)  Further, he states that "all parties have been consciously made aware of this urgent and life-threatening situation via several notices and affidavits … and have failed to act" and "each and every specifically named Respondent shall be jointly and severally liable."  (*Id.*)  He does not address the specific conduct of any Defendant other than Defendants Wooten and Blackburn.

## III.

### A.  Mandamus Relief[4]

Initially, Plaintiff's filing appears to be seeking mandamus relief from the Ohio Supreme Court seeking the deployment of either the "County Sheriffs or the U.S. Marshals" to secure his immediate release from his alleged false imprisonment in Tennessee.  Aside from Plaintiff's decision to file his action in the Ohio Supreme Court, there is no indication that he seeks relief

---

[4] The duty to perform an initial screen has been found to extend to a prisoner-filed petition for writ of mandamus.  *See Banks v. U.S. Attorney*, No. 1:08-CV-1394, 2008 WL 3853307, at *1 (M.D. Pa. Aug. 15, 2008) (citing *Jones v. Behe*, No. 1:17-CV-493, 2017 WL 2778628, at *3 (M.D. Pa. June 27, 2017).

directed to any county sheriffs or U.S. Marshals located in Ohio.  Regardless, his request for any

such relief fails for several reasons.

First, as noted above, Plaintiff's action was removed to this Court by federal officials

pursuant to 28 U.S.C. §1442.[56]  The derivative jurisdiction doctrine[7] applies to cases removed by

the federal government or federal officers pursuant to § 1442(a).  *Fed. Home Loan Mortg. Corp.*

*v. Gilbert,* 656 F. App'x 45, 53 (6th Cir. 2016); *Ohio ex rel. Bristow v. Dir.*, No. 2:13-CV-614,

2013 WL 5408440, at *2 (S.D. Ohio Sept. 25, 2013). This doctrine has been explained as

follows:

> The derivative jurisdiction doctrine, properly understood, does not go to the federal
> courts' subject matter jurisdiction—their power—to review a case. Despite its
> "improvident name," the doctrine "is best understood as a procedural bar to the
> exercise of federal judicial power" rather than "an essential ingredient to federal
> subject matter jurisdiction." *Rodas*, 656 F.3d at 619. We have said as much. *Morda*
> *v. Klein*, 865 F.2d 782, 784 (6th Cir. 1989)

*Gilbert*, 656 F. App'x at 53 (Sutton, J. concurring) (quoting *Rodas v. Seidlin,* 656 F.3d 610,

618 (7th Cir. 2011)).

Clearly, a state court has no authority to issue a writ of mandamus against a federal

officer.  *Bristow*, 2013 WL 5408440, at *2; *Ohio ex rel. Griffin v. Smith*, No. 2:06CV1022, 2007

---

[5] *See Bennett,* 607 F.3d at 1084 n. 7 (6th Cir. 2010) ( "[S]ection 1442(a)(1) authorizes removal of the entire case even if only one of the controversies it raises involves a federal officer or agency[.]" 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Federal Practice & Procedure § 3726 (4th ed.2009)

[6] *Id*. at n. 13 ("'… the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit.'" *Jamison,* 14 F.3d at 239 (quoting 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Federal Practice & Procedure § 3739 (4th ed. 2009)).

[7]In *Gilbert,* the Sixth Circuit Court of Appeals described this doctrine as "appear[ing] to be on its last legs."  656 F. App'x at 49.

WL 1114252 (S.D. Ohio Apr. 12, 2007).   Further, Ohio courts have no authority to release a

prisoner from confinement in another state.  *State ex rel. Hanshaw v. Parker*, 2001-Ohio-2369

*Mott v. Sheriff of Hamilton Cty.*, 48 Ohio App.3d 84, 548 N.E.2d 301 (1988).  Because the Ohio

Supreme Court lacked the authority to entertain a petition for a writ of mandamus against the

federal officials, this Court likewise lacks such authority based on the derivative-jurisdiction

doctrine as it relates to the federal officials.

Further, "'[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary

situations.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011)

(quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1980)).  Mandamus jurisdiction in

federal courts is codified at 28 U.S.C. § 1361.  That section provides that "[t]he district courts

shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  As

explained in *Bristow*:

> The existence of jurisdiction under section 1361 is inextricably bound with the
> merits of whether a writ of mandamus should issue; in order to establish either
> jurisdiction or entitlement to the writ, a court must find that a duty is owed to the
> plaintiff."  *Maczko v. Joyce,* 814 F.2d 308, 310 (6th Cir. 1987). Mandamus is
> available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a
> clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.
> *Carson v. United States Office of Special Counsel,* 633 F.3d 487, 491 (6th Cir.
> 2011).

*Bristow,* 2013 WL 5408440, at *3.  Here, Plaintiff has failed to plausibly plead any facts

demonstrating either his clear right to relief or any Defendant's clear duty to act.  *See id.*

Absent any such allegations, the Court has no authority to compel any federal officer or

employee, including the U.S. Marshal, to act.

Finally, Plaintiff also has failed to plausibly plead any facts sufficient to invoke the

Court's authority under the All Writs Act, 28 U.S.C. § 1651.  That statute empowers federal

courts to "issue all writs in aid of their respective jurisdictions, including writs in the nature of mandamus." *State ex rel. Skaggs v. Brunner*, 588 F. Supp. 2d 828, 833 (S.D. Ohio 2008). Pursuant to the statute, a federal court may issue a writ of mandamus ordering a state official to enforce rights protected by federal law. *State ex rel. Skaggs v. Brunner*, 588 F. Supp. 2d 828, 833 (S.D. Ohio 2008) (citing *CBS Inc. v. Young,* 522 F.2d 234 (6th Cir. 1975)). However, "[a] federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. In the absence of special statutory authority, it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Haggard v. State of Tenn.,* 421 F.2d 1384, 1386 (6th Cir. 1970); *see also Skaggs*, 588 F. Supp. 2d at 833. Moreover, "the All Writs Act generally should only be used "sparingly and only in the most critical and exigent circumstances." *In re Life Inv'rs Ins. Co. of Am*., 589 F.3d 319, 330 (6th Cir. 2009). As explained in more detail below, Plaintiff has identified no such circumstances here.

For all of these reasons, Plaintiff has not alleged any facts that he is entitled to the extraordinary relief he seeks. Accordingly, it is **RECOMMENDED** that the Court dismiss Plainitff's claim for mandamus relief.

**B.  Civil Rights Relief**

Plaintiff also claims that he is falsely imprisoned and seeks damages from nearly 100 individual defendants. This suggests that he may intend this action, at least in part, as a civil rights action under 42 U.S.C. § 1983. None of the defendants are alleged to reside in Ohio. Accordingly, venue for such a claim is not proper in this Court. 28 U.S.C. § 1391. This fact alone may be sufficient reason for the Court to dismiss Plaintiff's filing.[8]  Further, for the

---

[8] *Bordages v. Thorne*, No. 219CV02353JTFDKV, 2020 WL 587651, at *3 (W.D. Tenn. Feb. 6, 2020)( "A court may dismiss on venue grounds under § 1915 when improper venue is '*obvious from the face of the complaint* and no further factual record is required to be

following reasons, it would not be in the interest of justice to transfer this claim to another

district court. 28 U.S.C. § 1406.

A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the

fact or duration of his confinement, his sole federal remedy is habeas corpus.  *Heck v. Humphrey*,

512 U.S. 477, 787 (1994); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive

remedy . . . for a prisoner who seeks immediate or speedier release from confinement.").  In

*Heck*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a

court "must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence." *Heck*, at 487. [9]  If the claim would render a conviction

or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that

the conviction or sentence has already been invalidated." *Id.* Thus, under *Heck*, Plaintiff cannot

proceed with a § 1983 claim here because he cannot "prove that [his] conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.  *See Watkins v. Snow*, No. 3:12CV-

P585-S, 2013 WL 1879489, at *2 (W.D. Ky. May 3, 2013) (citing *Parker v. Phillips,* 27 F.

App'x 491, 493 (6th Cir.2001) (The *Heck* bar applies to claims of false imprisonment).  It is

---

developed.'") (citing *Brent v. Hyundai Capital Am.*, No. 2:14-cv-02600-STA-dkv, 2014 WL
7335415, at *3, 2014 U.S. Dist. LEXIS 176197, at *6 (W.D. Tenn. Oct. 2, 2014)).

[9] As discussed, several of the Defendants are federal officials. The *Bivens* doctrine serves
as the federal counterpart to civil rights actions pursuant to 42 U.S.C. § 1983, and the decisional
law developed under § 1983 generally applies to *Bivens*-type actions.  *Beasley v. Poole*, No.
1:11-CV-63, 2011 WL 2689347, at *6 (E.D. Tenn. July 11, 2011).  To the extent that Plaintiff's
filing could be construed as asserting a *Bivens* claim, the *Heck* rule applies with equal force to a
federal civil rights action under *Bivens. Id.,* at *8 (citing *Ruff v. Runyon,* 258 F.3d 498, 502 (6th
Cir.2001)).

therefore **RECOMMENDED** that the Court dismiss his claims to the extent he intends to assert a civil rights action against Defendants as "*Heck*-barred."

## C.  Habeas Relief

Finally, although Plaintiff complains that he is unlawfully incarcerated, he has not filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   However, as noted above, when a state prisoner challenges the fact or duration of his physical imprisonment and seeks a determination that he is entitled to release from that imprisonment, the sole federal remedy is a petition for writ of habeas corpus. *Mundy v. Michigan*, No. 19-12835, 2020 WL 1676727, at *1 (E.D. Mich. Apr. 6, 2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).  To this limited extent, this matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing, in relevant part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

A habeas petition submitted by a person in state custody may be filed in the district where the person is in custody or in the district where the person was convicted and sentenced.  28 U.S.C.A. § 2241.  Because Plaintiff was both convicted and incarcerated in Tennessee, he should have filed any petition seeking habeas relief in the appropriate district court in Tennessee. Accordingly, the Court lacks jurisdiction to review any habeas claim Plaintiff may be attempting to assert.

In this circumstance, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district [must] dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.

Plaintiff's filing fails to allege any facts supporting a claim for habeas relief, names nearly 100 defendants, and borders on the nonsensical.  Accordingly, the Undersigned is unable to determine that it would be in the interest of justice to transfer this action.  *See Demos v. U.S. Sec'y of Def.,* No. 3:13CV-P20-R, 2013 WL 486640 (W.D. Ky. Feb. 6, 2013)(declining to transfer habeas case brought under § 2241 and filed in wrong venue where allegations were frivolous and implausible and citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

Consequently, it is **RECOMMENDED** that the Court dismiss Plaintiff's claim to the extent he seeks habeas relief.

## IV.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety and that all pending motions be denied as moot.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  April 30, 2020

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**