**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**David Avery,**

    **Plaintiff,**

    v.                                 Case No. 2:20-cv-357

**John D. Wooten,** *et al.,*         Judge Michael H. Watson

    **Defendants.**              Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff objects to the Magistrate Judge's Initial Screen Report and Recommendation ("R&R"), ECF No. 35, recommending that this case be dismissed. Obj., ECF No. 36.

"Title 28 U.S.C. § 636(b)(1) provides for *de novo* review of a magistrate judge's report and recommendations to which objections have been made by any party." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *see also* Fed. R. Civ. P. 72(b)(2). But only those objections that are specific are entitled to a *de novo* review under the statute. *Mira*, 806 F.2d at 637. "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and

effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*[1]

Granting Plaintiff some leeway, his objection could be viewed as falling somewhere in between a general objection and the type of specific objection that avoids wasting judicial resources by failing to specify the nature of the objection. While Plaintiff does provide limited citation to authority he believes supports his position generally, he does not "pinpoint those portions of the magistrate's report" with which he disagrees. Additionally, he does not cite any case law or statute that specifically rebuts any of the legal findings in the R&R. In fact, the only times the R&R is mentioned in Plaintiff's objection is in the introduction and conclusion, in which Plaintiff merely says he moves the Court to reject the R&R. Obj., ECF No. 36. The substance of Plaintiff's objection is nothing more than eighteen general assertions of legal principles that are not directed to any specific portion of the R&R. This type of "vague, general, or conclusory objection[] . . . is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Brown v. City of Grand Rapids*, No. 16-2433, 2017 U.S. App. LEXIS 21399, *3 (6th Cir. June 16, 2017) (stating in the context of an objection to a magistrate judge's report and recommendation that "[w]hen an appellant alludes to issues in a perfunctory manner, without argument or development, we consider those issues

---

[1] The R&R advised Plaintiff that he was required to file an objection "specifically designating [the R&R], and the part in question, as well as the basis for the objection." R&R 11, ECF No. 35.

abandoned and waived." (citing *Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007))).

Even though the Court finds Plaintiff's objections were insufficient to warrant review, because he is pro se, and out of an abundance of caution, the Court has conducted a de novo review and concludes that Plaintiff's objections are without merit.

Therefore, and for the reasons well-detailed in the R&R, Plaintiff's Objection, ECF No. 36, is **OVERRULED**. The R&R, ECF No. 35, is **ADOPTED** and **AFFIRMED**. This case is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons provided in the R&R, any appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

   */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**